**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Keyli Natalie Vasquez Landaverde, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2270 |
| | § | |
| Patrick Contreras[1], *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Keyli Natalie Vasquez Landaverde is a native and citizen of El Salvador who concedes that she unlawfully entered the United States in 2018. Docs. 1 ¶ 2. On January 21, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. Docs. 1 ¶¶ 6 & 31, 10 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (2) procedural due process; (iii) the Immigration and Nationality Act; (iv) the Administrative Procedures Act, (v) the *Accardi* Doctrine; (vi) the Suspension Clause of Article I of the Constitution; and (vii) the prohibition against *ultra vires* agency action.

---

[1] The Petition names Bret Bradford in his official capacity as United States Immigration and Customs Enforcement and Removal Operations Field Office Director for the Houston area. Doc. 1. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to terminate Bret Bradford and substitute Patrick Contreras on the docket sheet.

Before the Court is Respondent's Motion for Summary Judgment, Doc. 10, to which Petitioner has responded in opposition, Doc. 11. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See* Doc. 10 at 1; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may both subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and re-detain them for the removal proceedings. *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026); *Portillo de Marquez v. Mullin*, No. 4:26-cv-2073. The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See Campos Bernal*, 2026 WL 1804234 at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk is instructed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge